UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,					14-M-1020-JJM
								14-MR-18-WMS
		v.

KARONE JOHNSON,

		Defendant.
_____

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR STAY AND REVOCATION OF ORDER FOR RELEASE**

Pursuant to this Court's Order dated April 7, 2014, Mr. Johnson now responds to the Government's Motion for Stay and Revocation of Release Order. Mr. Johnson is charged by way of Complaint with distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). The possible penalties associated with these charges include a minimum of 10 years of imprisonment up to life.

**Procedural History**

On March 21, 2014, Mr. Johnson appeared before Magistrate Judge Scott for an initial appearance. At that time the government moved for pretrial detention. Mr. Johnson requested time to prepare for a detention hearing. He was also interviewed by the Pretrial Services Office of the Court. Judge Scott set the detention hearing to be held in front of Magistrate Judge McCarthy for March 25, 2014.

On March 24, 2014, Mr. Johnson requested, and was granted, an adjournment of the detention hearing in order to allow his family an opportunity to pool resources to offer to post as a financial bond. A detention hearing was held on April 4, 2014.

At Mr. Johnson's detention hearing, the government relied on the rebuttable presumption in favor of detention, the nature of the charge, the weight of the evidence, and Mr. Johnson's status as a Canadian citizen to argue for detention. Mr. Johnson urged that the risk of future dangerousness is low in light of his history and characteristics. He further argued that there are conditions the Court could impose to guard against any perceived flight risk tied to his lack of United States' citizenship, including requiring: (1) the posting of a monetary bond of $5,000; (2) a signed waiver of the right to contest extradition; (3) surrender of his passport; and (4) weekly telephone contact with the Probation Office.

The Court imposed the above conditions and entered an Order of Release.

### **Legal Authority**

On review of a motion for revocation of a detention order, the district court must reach its own independent conclusion without simply deferring to the magistrate court. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). However, the district court should fully considered a magistrate judge's decision to grant or deny bail when making its own determination. *Id.*

Under the Bail Reform Act, a judicial officer *shall* order the pretrial release of a defendant subject to the least restrictive conditions or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c). In certain cases, including most drug cases, and in this one, there is a rebuttable presumption in favor of detention. *Id.* § 3142(e). Despite the presumption, the government retains the ultimate burden

of persuasion on the issue of detention and a defendant must simply introduce some evidence contrary to the presumed fact to rebut the presumption. *United States v. Kirkaldy*, 181 F.3d 83, *2 (2d Cir. 1999) (table). The government must prove by clear and convincing evidence that the defendant poses a threat to the safety of the community and by a preponderance of the evidence that he presents a serious risk of flight. 18 U.S.C. § 3142(f).

In making its determination, the court must weigh the factors listed in § 3142(g), including the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger the person poses to the community. "Doubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

### Argument

**1.    Mr. Johnson does not pose a danger to the community**

Mr. Johnson is a 21 year-old student who attends culinary school at Niagara College in Niagara-on-the-Lake, Ontario. He maintains steady employment at the college as a cook in their cafeteria. He receives financial aid to supplement his employment income. He has been in culinary school since September of 2013 and is working towards his chef training certificate and his diploma in culinary management. He plans to graduate in 2015 and to further pursue is goal of becoming a full-time chef.

Importantly, Mr. Johnson has no criminal history and has never been arrested or charged with a drug offense in the past. Despite the serious nature of the offense alleged, the presumption of innocence applies and courts have held that evidence that the defendant is not a "typical" offender rebuts the presumption against release in cases in which the presumption applies. *E.g.*, *United States*

*v. Eischied*, 315 F. Supp. 2d 1033, 1036-37 (D. Ariz. 2003) (concluding that the government did not meet its burden to prove the defendant was a danger to the community despite being charged with murder in part because the government presented no evidence that the charge is typical of the defendant's past behavior or that he intends to commit additional criminal acts in the future); *United States v. Giampa*, 755 F. Supp. 665, 670 (W.D. Pa. 1990) (holding that the defendant did not pose a significant danger to the community if released where he did not appear to "live the life of a serious drug dealer"). Further, Mr. Johnson does not have a drug problem himself. He stated to a pretrial services officer that he does not engage in illicit drug use and that information was verified.

The government emphasizes the weight of the evidence against Mr. Johnson, as it did at the detention hearing. While the weight of the evidence is a relevant factor under 18 U.S.C. § 3142(g), many courts have held that this is the least significant factor in light of the presumption of innocence. *E.g.*, *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). In *United States v. Moore*, a district court stated:

> This court concludes that the government may not rest solely on the rebuttable presumption to support its motion to detain a defendant pending trial. Evidence that defendant committed the narcotics offense with which he is charged, even if very compelling, cannot by itself satisfy the requirement of § 3142(f) that a determination "that no condition or combination of conditions will reasonably assure the safety of any other person and the community" be supported by clear and convincing evidence. Indeed, to find otherwise would also violate the specific directive of § 3142(g), which provides that certain factors–including the history and characteristics of the defendant–be considered by the court in determining whether a particular defendant be detained.

607 F. Supp. 489, 498 (N.D. Cal. 1985).

Finally, the government emphasizes that the possible penalties associated with the offense are severe. While there is a mandatory minimum term that allegedly applies, because of Mr. Johnson's lack of a criminal history, along with several other relevant factors, he will be eligible for

the "safety valve," which would prevent any mandatory punishment. *See* U.S.S.G. §5C1.2(a).

**2.      Mr. Johnson does not pose a serious risk of flight**

The government argues that because Mr. Johnson is a citizen of Canada and not of the United States, he poses a serious risk of flight. However, Canadian defendants are frequently released after posting a financial bond, and regularly make their court appearances after being paroled into the United States for court. Mr. Johnson's citizenship alone should not be the determinative factor, especially in light of the irrevocable waiver of extradition he signed and submitted to Judge McCarthy. *See, e.g.*, *Motamedi*, 767 F.2d at 1408 ("[T]he factor of alienage, upon which the district court . . . placed much weight, may be taken into account, but it does not point conclusively to a determination that Motamedi poses a serious risk of flight."). An ability to flee is not synonymous with an inclination to do so. *See United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986) ("Mere opportunity for flight is not sufficient grounds for pretrial detention."). Despite the government's claim that the waiver would be unenforceable, this Court is well aware that defendants are routinely extradited from Canada for this type of offense.

Finally, Mr. Johnson has aunts, uncles, a sister, cousins and a former foster care case worker to whom he is close and in constant communication with, all living in Ontario. He also has a girlfriend who resides near him and works at a local restaurant. In counsel's phone conversations with Mr. Johnson's family, they have offered their support and have said they will help assure the Court that Mr. Johnson will follow his release conditions and make all court appearances in whatever way possible. Despite their limited financial means they have pooled money together in an attempt to post the $5,000 bond set by Judge McCarthy.

**3.     The Court should uphold the release order despite the recent developments with Mr. Johnson's foster mother**

Counsel learned late yesterday evening that Mr. Johnson's foster mother, who appeared in court for Mr. Johnson's detention hearing and was approved by Magistrate Judge McCarthy to act as a surety for Mr. Johnson, was arrested yesterday at the United States–Canada border as she attempted to enter the United States presumably to post the $5,000 bond set by the court on Friday. The Complaint alleges that she was also involved in methamphetamine distribution. *See United States v. Samuels*, 14-MJ-01027-JJM.

Under these circumstances, Ms. Samuels is obviously unable to act as a surety. However, counsel has communicated with other members of Mr. Johnson's family who may be willing to act as surety and post the required bail. For these reasons, the new developments with Ms. Samuels should not be a basis to detain Mr. Johnson.

**Conclusion**

For these reasons, this Court should conclude that Magistrate Judge McCarthy did not err in determining that Mr. Johnson should be released on conditions. The Court should uphold the release order, along with the conditions of release previously imposed by Magistrate Judge McCarthy. In addition, Mr. Johnson requests a hearing on the government's motion at which time he intends to elicit testimony from a new surety who is willing to post bond for him and assist the Court in ensuring that Mr. Johnson makes all court appearances.

    **DATED:**    Buffalo, New York, April 8, 2014

    Respectfully submitted,

**/s/ Leslie E. Scott**
Leslie E. Scott
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341; FAX: 551-3346
leslie_scott@fd.org
Attorney for Karone Johnson

**TO:**    Edward H. White
    Assistant United States Attorney
    Western District of New York
    138 Delaware Avenue, Federal Centre
    Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        - vs -                            **14-M-1020-JJM**
                                     **14-MR-18-WMS**

KARONE JOHNSON,

                Defendant.

## CERTIFICATE OF SERVICE

      I hereby certify that on April 8, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    1.    Edward H. White
          Assistant United States Attorney
          Western District of New York
          138 Delaware Avenue, Federal Centre
          Buffalo, New York  14202

                                                **/s/ Leslie E. Scott**
                                                Leslie E. Scott
                                                Assistant Federal Public Defender
                                                Federal Public Defender's Office