IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v. 14-M-1020 (JJM/WMS)

KARONE JOHNSON,

Defendant.

---

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER OF RELEASE**

THE UNITED STATES OF AMERICA, by and through its attorneys, WILLIAM J. HOCHUL, JR., United States Attorney for the Western District of New York and Edward H. White, Assistant United States Attorney, hereby files the following motion for reconsideration of the order of release and requests an immediate stay of the release order pending a determination of the government's motion for reconsideration.

**BACKGROUND**

The defendant, a Canadian citizen, was arrested on March 20, 2014 at the Rainbow Bridge in Niagara Falls, New York after Customs and Border Protection officers discovered 2,387.9 grams of methamphetamine in the speaker box of the defendant's car. Criminal Complaint at 2-3 (dkt. no. 1, Mar. 21, 2014). The defendant was attempting to cross back into Canada after spending a few hours at the Seneca Casino in Niagara Falls. Id. at 2.

Following his arrest, the defendant was read his Miranda rights; he stated that he

understood his rights and was willing to speak to the investigators; and he signed and dated a written waiver of his rights. Id. at 6. The defendant admitted to the agents that earlier in the day, he met a Jamaican male at the Travel Lodge in Niagara Falls, Ontario, and the Jamaican male told the defendant that the defendant would be paid $3,500.00 after meeting with a female at the Seneca Casino in Niagara Falls, NY and receiving an illegal substance from the female that the defendant assumed was drugs, and the defendant was to transport the substance back to the Travel Lodge in Canada. Id. at 6-7. The defendant admitted that he purchased a screwdriver to unscrew a speaker in his car. Id. at 7. The defendant stated that he and a friend drove his car to the Seneca Casino and gambled for a while, then the defendant received a text message indicating that the female in a dark SUV was waiting outside. Id.

The defendant explained that he then left his friend in the casino and drove his car and met the female at her vehicle at the first floor of the casino parking ramp. Id. at 8. The defendant stated that he and the female each opened the trunks of their vehicles; the female wore two blue gloves and the defendant wore one blue glove; and the female removed several plastic bags from the trunk of her vehicle, and the defendant removed one of his car's speakers and placed the plastic bags filled with a substance unknown to him into the speaker box before returning the speaker to its proper position. Id. At one point, the defendant handled a portion of either the plastic bags or the speaker box with his bare hand, so the female poured what the defendant believed was vinegar on his hands. Id. The defendant stated that he then drove his vehicle up the parking ramp to pick up his friend, and then they proceeded to the Rainbow Bridge and intended to return to Canada but were stopped by the Customs and

Border Protection officers. Id. The female followed behind them in her dark SUV across the bridge, and she was allowed to proceed into Canada. Id.

During secondary examination of the defendant's vehicle, the CBP officers discovered three plastic grocery bags inside of the speaker box that contained five packages of a hard, off-white crystalline substance that field-tested positive for the properties of methamphetamine and weighed 2,387.9 grams. Id. at 3.

The Criminal Complaint charging the defendant with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) was filed on March 21, 2014, and the initial appearance was held that same day before Magistrate Judge Hugh B. Scott, who was covering for this Court. See Minute Entry (dkt. no. 2; Mar. 21, 2014). The defendant was temporarily detained pending a detention hearing that was set for March 25, 2014. Id. The defendant sought and received an adjournment of the detention hearing and it was rescheduled for April 4, 2014 before this Court. See Motion (dkt. no. 4, Mar. 24, 2014). On April 4, 2014, the detention hearing was held. The government renewed its motion to detain, and the pretrial services report recommended detention. At the detention hearing, a woman identifying herself as Stacy Ann Samuels indicated that she was the defendant's stepmother and was willing to post $5000 as bail and assured the Court that the defendant would make all court appearances if released. See Minute Entry (dkt. no. 6; Apr. 4, 2014). Based, in part, on the representations of Ms. Samuels, the Court ordered the defendant to be released on $5,000 cash bail and other conditions of release including the execution of an irrevocable waiver of extradition and weekly telephonic reporting by the defendant to the U.S. Probation Office. See id.

Subsequently, investigators revealed that the woman identified as Stacy Ann Samuels at the detention hearing was the female who met the defendant at the Seneca Casino on March 20, 2014 and supplied him with the packages of methamphetamine. A criminal complaint was filed against Ms. Samuels on April 7, 2014 charging her with conspiracy to commit a controlled substance offense in violation of 18 U.S.C. § 846.

## ARGUMENT

### I. THE DEFENDANT FAILED TO REBUT THE PRESUMPTION THAT THE DEFENDANT SHOULD BE DETAINED.

The defendant failed to overcome the presumption that no condition or combination of conditions will reasonable assure the safety of any other person and the community and the appearance of the defendant. Because the defendant is charged with a violation of the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, a rebuttable presumption arises that the defendant should be detained. 18 U.S.C. §§ 3142(e)(2)(A), (3)(A).

Here, analysis of the factors listed in 18 U.S.C. § 3142(g) overwhelmingly indicates that the defendant should be detained. First, the nature and circumstances of the offense warrant detention. As mentioned, the defendant is charged with distribution and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), a controlled substance offense, which subjects him to a mandatory minimum sentence of ten years imprisonment and a maximum of life. The defendant was caught with over 2300 grams of methamphetamine at the border, which is an enormous quantity of methamphetamine and makes it a highly unusual case. The severe

penalties provide the defendant with a strong incentive not to return from Canada to the United States for court proceedings, even in light of the $5,000 cash bail.

Second, the weight of the evidence against the defendant is strong and compelling. As discussed above, the defendant confessed to making arrangements to be paid $3,500.00 for traveling to the Seneca Casino to pick up an illegal substance that he assumed was drugs and drive it back to Canada. Criminal Complaint at 6. He confessed to picking up the plastic bags containing the illegal substance from a female, later identified as Stacy Ann Samuels, at the Seneca Casino parking lot and concealing the plastic bags in the speaker box of his car and then driving to the Rainbow Bridge attempting to reenter Canada with the illegal substance. Id. at 8. The CBP officers discovered the plastic bags in the speaker box of the defendant's car, and the substance field-tested positive for methamphetamine and weighed 2,387.9 grams. Id. at 3.

Finally, the history and characteristics of the defendant support detention. The defendant is a Canadian citizen with no status in the United States, which provides him with a strong incentive not to return to the United States to appear at subsequent court proceedings. If the defendant were released and returned to his home in Ontario, Canada, he would be beyond the jurisdiction of the United States, making it impossible for U.S. authorities to apprehend him. Furthermore, although the defendant did execute an irrevocable waiver of extradition, courts have determined that such waivers most likely are not enforceable in Canadian extradition proceedings. See United States v. John Dennis Tan Ong, 762 F.Supp.2d 1353, 1359 (N.D. Ga. 2010) (explaining that an extradition waiver

signed in the United States and intended to apply prospectively to extradition proceedings in Canada is likely to be unenforceable); In Re Extradition of Pelletier, 2009 WL 3837660, *4 (S.D. Fla. 2009) (noting that "while Pelletier has offered to execute a waiver of extradition from Canada, it appears that such a waiver would have no effect in a Canadian court, and that if the United States attempted to extradite Pelletier from Canada, Pelletier would have to waive extradition anew in the Canadian proceeding."). Accordingly, even if the defendant were apprehended by Canadian authorities in Canada, he could challenge his extradition to the United States despite his execution of the waiver of extradition.

Furthermore, the Court should give no weight to the representations of Stacy Ann Samuels regarding the appearance of the defendant at future court proceedings as it is now alleged that Ms. Samuels was the female who supplied the defendant with the packages of methamphetamine at the Seneca Casino parking lot and appears to be a co-conspirator of the defendant in this drug ring.

In addition, the Pretrial Services Report recommended detention for the defendant and listed as factors for non-appearance: the defendant's Canadian citizenship, his lack of status in the United States, the nature and circumstances of the offense, and his ties to Jamaica and listed the amount of drugs in the defendant's possession as a factor indicating that the defendant poses a danger to the community.

## CONCLUSION

For the reasons stated above, the Court should immediately stay the release order

before the defendant posts the $5000 bond and returns to his home in Canada and upon reconsideration vacate the release order and order the defendant detained pending trial.

DATED: Buffalo, New York, April 9, 2014.

WILLIAM J. HOCHUL
United States Attorney

BY: s/EDWARD H. WHITE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5862
Edward.H.White@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v. 14-M-1020 (JJM/WMS)

KARONE JOHNSON,

Defendant.

---

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2014, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER OF RELEASE** with the Clerk of the District Court using its CM-ECF system, which would then electronically notify the following CM/ECF participant on this case:

Leslie E. Scott, Assistant Federal Public Defender

Jaclyn S. Sainsbury, U.S. Probation Officer

s/DANIELLE C. BANKOSKE