UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                          14-M-1020-JJM

      v.

KARONE JOHNSON,

      Defendant.

_____

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR
RECONSIDERATION OF ORDER OF RELEASE**

Pursuant to this Court's Order dated April 9, 2014, Mr. Johnson now responds to the Government's Motion for Reconsideration of Order of Release. (Dkt. No. 11).

Mr. Johnson is charged by way of Complaint with distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). The possible penalties associated with these charges include a minimum of 10 years of imprisonment up to life.

**Procedural History**

On March 21, 2014, Mr. Johnson appeared before Magistrate Judge Scott for an initial appearance. At that time the government moved for pretrial detention. Mr. Johnson requested time to prepare for a detention hearing. He was also interviewed by the Pretrial Services Office of the Court. Judge Scott set the detention hearing to be held in front of this Court on March 25, 2014.

On March 24, 2014, Mr. Johnson requested, and was granted, an adjournment of the

detention hearing in order to allow his family an opportunity to pool resources to offer to post as a financial bond. A detention hearing was held on April 4, 2014.

At Mr. Johnson's detention hearing, the government relied on the rebuttable presumption in favor of detention, the nature of the charge, the weight of the evidence, and Mr. Johnson's status as a Canadian citizen to argue for detention. Mr. Johnson urged that the risk of future dangerousness is low in light of his history and characteristics. He further argued that there are conditions the Court could impose to guard against any perceived flight risk tied to his lack of United States' citizenship, including requiring: (1) the posting of a monetary bond of $5,000; (2) a signed waiver of the right to contest extradition; (3) surrender of his passport; and (4) weekly telephone contact with the Probation Office. The Court imposed the above conditions and entered an Order of Release.

The government now moves for reconsideration of this Court's release order, arguing that the defendant failed to rebut the presumption in favor of detention and that the Court should give no weight to the representations of Stacy Samuels, who was recently arrested and is alleged to be involved in the criminal activity alleged in Mr. Johnson's Complaint. For the following reasons, the Court should reject the government's contentions and provide Mr. Johnson an opportunity to present the Court with a new surety to post the bail previously set by the Court.

## **Argument**

**1. Mr. Johnson does not pose a danger to the community**

Mr. Johnson is a 21 year-old student who attends culinary school at Niagara College in Niagara-on-the-Lake, Ontario. He maintains steady employment at the college as a cook in their cafeteria. He receives financial aid to supplement his employment income. He has been in culinary school since September of 2013 and is working towards his chef training certificate and his diploma

in culinary management. He plans to graduate in 2015 and to further pursue is goal of becoming a full-time chef.

Importantly, Mr. Johnson has no criminal history and has never been arrested or charged with a drug offense in the past. Despite the serious nature of the offense alleged, the presumption of innocence applies and courts have held that evidence that the defendant is not a "typical" offender rebuts the presumption against release in cases in which the presumption applies. *E.g., United States v. Eischied,* 315 F. Supp. 2d 1033, 1036-37 (D. Ariz. 2003) (concluding that the government did not meet its burden to prove the defendant was a danger to the community despite being charged with murder in part because the government presented no evidence that the charge is typical of the defendant's past behavior or that he intends to commit additional criminal acts in the future); *United States v. Giampa*, 755 F. Supp. 665, 670 (W.D. Pa. 1990) (holding that the defendant did not pose a significant danger to the community if released where he did not appear to "live the life of a serious drug dealer"). Further, Mr. Johnson does not have a drug problem himself. He stated to a pretrial services officer that he does not engage in illicit drug use and that information was verified.

The government emphasizes the weight of the evidence against Mr. Johnson, as it did at the detention hearing. While the weight of the evidence is a relevant factor under 18 U.S.C. § 3142(g), many courts have held that this is the least significant factor in light of the presumption of innocence. *E.g., United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). In *United States v. Moore*, a district court stated:

> This court concludes that the government may not rest solely on the rebuttable presumption to support its motion to detain a defendant pending trial. Evidence that defendant committed the narcotics offense with which he is charged, even if very compelling, cannot by itself satisfy the requirement of § 3142(f) that a determination "that no condition or combination of conditions will reasonably assure the safety of any other person and the community" be supported by clear and convincing evidence. Indeed, to find otherwise would also

> violate the specific directive of § 3142(g), which provides that certain factors-including the history and characteristics of the defendant-be considered by the court in determining whether a particular defendant be detained.

607 F. Supp. 489, 498 (N.D. Cal. 1985).

Finally, the government emphasizes that the possible penalties associated with the offense are severe. While there is a mandatory minimum term that allegedly applies, because of Mr. Johnson's lack of a criminal history, along with several other relevant factors, he will be eligible for the "safety valve," which would prevent any mandatory punishment. *See* U.S.S.G. §5C1.2(a).

**2.    Mr. Johnson does not pose a serious risk of flight**

The government argues that because Mr. Johnson is a citizen of Canada and not of the United States, he poses a serious risk of flight. However, Canadian defendants are frequently released after posting a financial bond, and regularly make their court appearances after being paroled into the United States for court. Mr. Johnson's citizenship alone should not be the determinative factor, especially in light of the irrevocable waiver of extradition he signed and submitted to the Court (Dkt. No. 7). *See, e.g., Motamedi*, 767 F.2d at 1408 ("[T]he factor of alienage, upon which the district court . . . placed much weight, may be taken into account, but it does not point conclusively to a determination that *Motamedi* poses a serious risk of flight."). An ability to flee is not synonymous with an inclination to do so. *See United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986) (Mere opportunity for flight is not sufficient grounds for pretrial detention."). Despite the government's claim that the waiver would be unenforceable, this Court is well aware that defendants are routinely extradited from Canada for this type of offense.

Finally, Mr. Johnson has aunts, uncles, a sister, cousins and a former foster care case worker to whom he is close and in constant communication with, all living in Ontario. He also has a

girlfriend who resides near him and works at a local restaurant. In counsel's phone conversations with Mr. Johnson's family, they have offered their support and have said they will help assure the Court that Mr. Johnson will follow his release conditions and make all court appearances in whatever way possible. Despite their limited financial means they have pooled money together in an attempt to post the $5,000 bond set by the Court.

**3. The Court should deny the Motion to Reconsider despite the recent developments with Mr. Johnson's foster mother**

Counsel recently learned that Mr. Johnson' foster mother, Stacy Ann Samuels, who appeared in court for Mr. Johnson's detention hearing and was approved by this Court to act as a surety for Mr. Johnson, was arrested at the United States-Canada border as she attempted to enter the United States presumably to post the $5,000 bond set by the Court on April 4, 2014. The Complaint alleges that she was also involved in methamphetamine distribution. *See United States v. Samuels*, 14-MJ-01027-JJM.

Under these circumstances, Ms. Samuels is obviously unable to act as a surety. However, counsel has communicated with other members of Mr. Johnson's family who may be willing to act as surety and post the required bail. Counsel expects Mr. Johnson's sister Tamesha to appear in Court tomorrow at Mr. Johnson's status conference to offer to post the required bail amount and act as surety. Tamesha is prepared to answer the Court's and/or counsels' questions regarding the source of the funds being offered as bail. For these reasons, the new developments with Ms. Samuels should not be a basis to detain Mr. Johnson.

**Conclusion**

Based on the foregoing, this Court should deny the government's motion for reconsideration of the Release Order and release Mr. Johnson on the conditions previously imposed.

**DATED:** Buffalo, New York, April 14, 2014

Respectfully submitted,

**/s/ Leslie E. Scott**
Leslie E. Scott
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341; FAX: 551-3346
leslie_scott@fd.org
Attorney for Karone Johnson

**TO:** Edward H. White
Assistant United States Attorney
Western District of New York
138 Delaware Avenue, Federal Centre
Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        - vs -                                    **14-M-1020-JJM**

KARONE JOHNSON,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2014, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. Edward H. White
   Assistant United States Attorney
   Western District of New York
   138 Delaware Avenue, Federal Centre
   Buffalo, New York 14202

                                                  **/s/ Leslie E. Scott**
                                                  Leslie E. Scott
                                                  Assistant Federal Public Defender
                                                  Federal Public Defender's Office

AO 72A
(Rev. 8/82)